**MIAMI AVIATION SERVICE,**
Plaintiff–Appellant,

v.

**GREYHOUND LEASING & FINANCIAL CORP., and Greycas, Inc.,**
Defendants–Appellees.

No. 87–6046
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 30, 1988.

Kendall B. Coffey, Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, Fla., Thomas K. Equels, Holtzman, Krinzman & Equels, Coral Gables, Fla., for plaintiff-appellant.

Bruce J. Berman, Weil, Gotshal & Manges, Steven A. Zalesin, Miami, Fla., for defendants-appellees.

Before HILL, VANCE and COX, Circuit Judges:

PER CURIAM:

This case arises from the auction of an aircraft and two aircraft engines. The auction was advertised by the secured lender (Greyhound) through public notice. At the auction, the auctioneer stated that sale would be to the highest bidder and that no minimum bid would be required. Appellant Miami Aviation bid one million dollars. Thereupon, Greyhound bid 3.3 million dollars and took the aircraft and engines. The only issue to be resolved is whether the sale was "without reserve" as that term is used within the Uniform Commercial Code (UCC).

Section 2–328 of the UCC deals with sales by auction. Sales by auction are held either "with reserve" or "without reserve." In an auction "with reserve," the auctioneer may withdraw the goods at any time until he announces completion of the sale. UCC § 2–328(3). In an auction "without reserve," after the auctioneer calls for bids on an item, that item cannot be withdrawn unless no bid is received within a reasonable time. UCC § 2–328(3). A bid by the owner of an item likely would be considered the equivalent of withdrawing it from sale. An auction sale is "with reserve, unless the goods are *in explicit terms* put up without reserve." UCC § 2–328(3) (emphasis added).

 Appellant argues that the auctioneer's use of the words "no minimum bid" and sale to the "highest bidder" establish an auction "without reserve." After carefully reviewing the records and the briefs, we find nothing explicit about those terms that would create a sale "without reserve." A sale to the highest bidder has nothing to do with whether a sale is "without reserve" because every auction sale goes to the highest bidder. The only case appellant offers with respect to the term "no minimum bid" concerns the sale of realty, a sale not governed by the requirements of the UCC. Moreover, appellant's arguments that prior to the auction a Greyhound official stated that the auction would be "absolute" are irrelevant. The only statements that affect whether an auction is "with or without reserve" are those made at the time the item for sale is "put up" for auction. Appellee Greyhound made no explicit statement that the sale was "without reserve" at the time it "put up" the aircraft and engines for auction. Therefore, the sale was "with reserve," and Greyhound was entitled to bid on the aircraft and its engines.

AFFIRMED.